In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00208-CV**

_____

**IN RE KENNETH W. TERRY**

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 14-06-06683-CV**

## MEMORANDUM OPINION

In this mandamus proceeding, the relator, Kenneth W. Terry, seeks to compel the trial court to vacate its orders of October 29, 2015, granting the State's motion placing Terry in a tiered treatment program and amending a 2014 order of civil commitment.[1] In five issues, Terry contends the trial court committed an

---

[1]Terry was civilly committed in 2014 after a jury found that he is a sexually violent predator. *See In re Commitment of Terry*, No. 09-15-00053-CV, 2015 WL 5262186, at *1 (Tex. App.—Beaumont Sept. 10, 2015, pet. denied) (mem. op.). In his mandamus petition, Terry indicates that his civil commitment commenced with his release on parole on December 10, 2015, and that he has resided in the Dallas

1

abuse of discretion by allowing the proceeding to take place, ordering him into a tiered treatment program as required by amendments to the civil commitment statute that became effective on June 17, 2015, and denying him counsel. *See* Tex. Health & Safety Code Ann. § 841.0831 (West Supp. 2015); *see also* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40(b), 2015 Tex. Sess. Law Serv. 2700, 2711 (West). We deny the petition for a writ of mandamus.

In issue one, Terry claims that he requested counsel during the hearing and that the trial court abused its discretion by amending the civil commitment order without appointing counsel to represent him in the hearing. Terry argues the State's motion constituted a new "civil commitment proceeding" under Subchapter D that triggered his statutory right to counsel at the hearing. *See generally* Tex. Health & Safety Code Ann. § 841.061 (West Supp. 2015), § 841.144 (West 2010).

Under Chapter 841 of the Texas Health and Safety Code, the Office of State Counsel for Offenders represents an indigent person subject to a civil commitment proceeding. *See generally* Tex. Health & Safety Code Ann. § 841.005(a) (West 2010). "Civil commitment proceeding" is defined as "a trial or hearing conducted under Subchapter D, F, or G." *Id.* § 841.002(3-a) (West Supp. 2015). State Counsel for Offenders represented Terry in the initial civil commitment proceeding in

Transitional Center and the Texas Civil Commitment Center at the direction of the Texas Civil Commitment Office.

2

which a jury found that he is a sexually violent predator. *See generally In re Commitment of Terry*, No. 09-15-00053-CV, 2015 WL 5262186, at *1 (Tex. App.—Beaumont Sept. 10, 2015, pet. denied) (mem. op.). The trial court's 2014 judgment decreed that Terry would remain civilly committed until his behavioral abnormality is modified by treatment to the extent that he is no longer likely to engage in a predatory act of sexual violence. The original commitment order required that Terry reside in supervised housing at a Texas residential facility and participate in the State's sex offender treatment program. When Terry was originally committed, Section 841.082(e) provided that the requirements imposed by the order of civil commitment could be modified at any time after notice and a hearing. *See* Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2015). The purpose of the hearing at issue here was to conform the civil commitment order to the legislative amendments to Texas's sex offender treatment program. *See* 2015 Tex. Sess. Law Serv. at 2711. We conclude that Terry did not have a statutory right to have counsel appointed to represent him at the hearing that is at issue here because it was not a trial or hearing conducted under Subchapter D, F, or G. *See* Tex. Health & Safety Code Ann. §§ 841.002(3-a), 841.005(a).

Citing *Vitek v. Jones*, Terry argues that appointment of counsel was required as a matter of procedural due process because his present situation is analogous to

3

being committed to a mental hospital upon release from prison. *See generally* 445 U.S. 480, 493-94 (1980) ("A criminal conviction and sentence of imprisonment extinguish an individual's right to freedom from confinement for the term of his sentence, but they do not authorize the State to classify him as mentally ill and to subject him to involuntary psychiatric treatment without affording him additional due process protections."). But, Terry was appointed counsel in the initial proceeding that resulted in his civil commitment for sex offender treatment in 2014. Terry has not shown that due process required the trial court to appoint counsel to represent Terry in the modification hearing that is at issue in this case. We overrule Terry's first issue.

In issues two and three, Terry contends the trial court's orders amending the commitment order and placing him in the tiered treatment program are unconstitutionally punitive and retroactive. We rejected similar arguments in other cases in which the State sought an order to transition a civilly committed person into the new sex offender treatment program, and held the 2015 amendments to Chapter 841 of the Texas Health and Safety Code did not render unconstitutionally punitive or retroactive the continued civil commitment of a person originally committed before the statute was amended to create a tiered treatment program. *See In re Williams*, No. 09-16-00087-CV, 2016 WL 4249175, at *2 (Tex. App.—

4

Beaumont Aug. 11, 2016, orig. proceeding) (mem. op.); *In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at *1-9 (Tex. App.—Beaumont July 28, 2016, no pet. h.). We overrule issue two and three.

In issue four, Terry argues the amended civil commitment order is barred by the doctrine of res judicata. We rejected this argument in *Williams*. *See* 2016 WL 4249175, at *2. We overrule issue four.

In issue five, Terry contends the 2015 amendments to Chapter 841 of the Texas Health and Safety Code violate the doctrine of separation of powers because the legislature has interfered with the judiciary's power to make and affirm final judgments. The separation of powers doctrine, which prohibits one branch of government from exercising a power belonging inherently to another, is violated when the legislative branch interferes with the functioning of the judicial process in a field constitutionally committed to the control of the courts. *In re Dean*, 393 S.W.3d 741, 747-48 (Tex. 2012) (orig. proceeding).

Terry argues that a retroactive application of the 2015 amendments interferes with the court's final judgment committing him to outpatient treatment and supervision. Because the trial court may modify any requirement of civil commitment after notice and a hearing, we are unpersuaded that applying the 2015

amendments to Chapter 841 affected the finality of the 2010 judgment. *See* Tex. Health & Safety Code Ann. § 841.082(e). We overrule issue five.

Terry has not shown that the trial court abused its discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We deny the petition seeking mandamus relief. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on July 6, 2016
Opinion Delivered September 8, 2016

Before Kreger, Horton, and Johnson, JJ.